Hearing Date:  March 13, 2024
Time:  9:30 a.m.
Location:  Courtroom #1, Phila., PA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RIDGEWAY AVENUE TRUST, | : | BANKR.NO. 24-03002-PMM |
| TRUST NO, 145, | : | |
| | : | |
| Debtor. | : | |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE

The United States trustee for Region 3 (the "U. S. trustee"), in furtherance of the administrative responsibilities imposed under 28 U.S.C. Section 586(a), moves through his undersigned counsel pursuant to 11 U.S.C. §§ 105(a) and 707(a), for the entry of an order dismissing this case with a bar to refiling.   In support of his motion, the U. S. trustee represents as follows:

1. Ridgeway Avenue Trust, Trust No, [sic] 145 (the "Debtor") commenced this case by filing a voluntary petition under chapter 7 of the U. S. Bankruptcy Code on February 15, 2024 (the "Petition Date").

2. This is a single asset real estate case with, upon information and belief, one creditor, Federal Home Loan Mortgage Corporation as Trustee for the benefit of the Seasoned Credit Risk Transfer Trust Series 2018-2.

3. The Debtor is not represented by counsel, none of the required documents were filed with the Petition apart from Schedule D, and the filing fee was not paid.

4. Upon information and belief, the sole purpose of the filing was to stay a sheriff's sale of property located at 145 Ridgeway Avenue, Norwood, Pennsylvania scheduled on

February 16, 2024.

5. Contrary to the sworn statement of the individual signing the Debtor's Petition as "Trustee", Pat (Patrick) Martin, this case is not the first bankruptcy case filed by the Debtor. On May 17, 2023, Mr. Martin filed a petition for Ridgeway Avenue Trust, Trust No, 145 under chapter 7, case number 23-11442-pmm. The case was dismissed on June 23, 2023, for failure to comply with an order requiring that the debtor obtain legal counsel to represent it. Similar to the present case, the first petition was filed without counsel or any of the required documents, apart from Schedule D, and the filing fee was not paid. Upon information and belief, the first case was also filed for the sole purpose of staying a sheriff's sale of the property at 145 Ridgeway Avenue.

6. Section 109(a) provides that only a person may be a debtor under the Bankruptcy Code. 11 U.S.C. § 109(a). "Person" is defined to include individuals, partnerships, and corporations. 11 U.S.C. § 101(41). The definition of "corporation." is limited to certain business entities, including "business trusts." 11 U.S.C. § 101(9)(A)(v). Upon further information and belief, the Debtor is not a business trust and thus is ineligible for relief under the Bankruptcy Code. Among other things, the Debtor has no federal EIN, does not have the attributes of a corporation, to the extent its formation was valid the sole purpose for its creation was to protect or preserve the *res*, it does not engage in business like activities, it does not transact business for the benefit of investors, and there is the absence of any profit motive. *See, In re Blanche Zwerdling Revocable Living Trust*, 531 B.R. 537, 542-43 (Bankr. D.N.J. 2015).

7. And if the Debtor is a business trust and eligible to file a petition under the Bankruptcy Code, it cannot proceed *pro se* but must be represented by counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of

two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.") (citations omitted).   Here the Debtor is not represented by counsel.

8. Pursuant to 11 U.S.C. § 707(a), the court may dismiss a case under chapter 7, after notice and a hearing, for cause, and such dismissal can be with prejudice pursuant to § 105. *See*, *In re Tamecki,* 229 F. 3d 205, 207 (3d Cir. 2000) (lack of good faith in filing is sufficient cause for dismissal of chapter 7 petition).   Good faith, or the lack thereof, depends on whether a debtor has abused the provisions, purpose, or spirit of the Bankruptcy Code.   *Id*.   In the context of a chapter 13 case, serial filings by a debtor with no evidence of a change in circumstances evidences bad faith.   *See, In re Legree, 285 B.R. 615* (Bankr. E.D.Pa. 2002) (case filed by debtor with a history of at least ten prior filings would be dismissed as a bad faith filing where the debtor could not demonstrate a meaningful change in circumstance since the last bankruptcy case was dismissed)*; In re Privitera,* 2003 WL 21460027 (Bankr. E.D. Pa.) (Debtor's eighth bankruptcy case dismissed with prejudice)*; In re Norley,* 2002 WL 1752280 (Bankr. E.D. Pa.) (Non debtor spouse barred from future filings where court found that absent a bar from refiling against both husband and wife, the cycle of filings, dismissals and refilings would continue and perpetuate the abuse of the court).

9. The U. S. trustee avers that cause exists for the dismissal of this case, including a lack of good faith in the filing of the petition.   Among other things:   the present case is the Debtor's second case in nine months; the individual signing the Petition as a "Trustee" of the Debtor made a false statement on the Petition stating there were no prior bankruptcy cases filed within eight years of the Petition Date; the Debtor is not a business trust and is ineligible for relief under the Bankruptcy Code; both the present case and the prior case were filed without

3

counsel, all of the required documents, and payment of the filing fee; the Debtor's prior case was dismissed for failure to comply with this Court's order requiring it to obtain counsel; and upon information and belief, the primary if not sole purpose for the filing of the both current case and the prior case was to frustrate and delay one or more of the Debtor's creditors' efforts to enforce their rights outside of bankruptcy.

10. Where bad faith is evidenced by serial filings, sections 105(a) and 349(a) enable a bankruptcy court to restrict a debtor's ability to file subsequent petitions in circumstances that are not addressed by section 109(g). *In re Price*, 304 B.R. 769, 772 (Bankr. N.D. Ohio 2004) (citations omitted). Where, as here, the Debtor has failed to demonstrate good faith in the filing of the present Petition, as well as in the filing of its prior case, the appropriate remedy is dismissal with a bar to refiling under any chapter of the Bankruptcy Code without prior approval of this Court. *See, In re Casse,* 198 F.3d 327, 339 (2d Cir. 1999) (bankruptcy court has the power, in the appropriate case, to prohibit a serial filer from filing petitions for periods of time exceeding 180 days); *see also, In re Weaver*, 222 B.R. 521 (Bankr. E.D. Va. 1998) (bankruptcy court's discretion under § 349(a) to bar a debtor's filing within a set time is not limited to the 180 day period set forth in § 109(g)); *In re Gros*, 173 B.R. 774 (Bankr. M.D. Fla. 1994) (dismissal of case of serial filer with a bar to refiling for two years). The U. S. trustee asserts that a bar to refiling is appropriate under the circumstances of this case and the Debtor's repeated filings.

For the reasons set forth above, among others, the United States trustee respectfully requests that the Court conduct a hearing on the above issues and dismiss this case with prejudice, barring the Debtor from filing another case under any chapter of the United States Bankruptcy Code without prior leave of this Court. The U. S. trustee specifically reserves the

4

right to supplement his motion at or prior to the hearing thereon.

Dated: February  16 , 2024.  ANDREW R. VARA
United States trustee, Regions 3 and 9

By:  */s/ Dave P. Adams*
Dave P. Adams
900 Market Street, Suite 320
Philadelphia, Pennsylvania 19107
(215) 597-4411
(215) 597-5795 (fax)
dave.p.adams@usdoj.gov